## S. P. KINEON *v.* WM. C. ROGERS.

1. Inasmuch as the assignment of a contract divests the assignee of all interest in or control over it, an allegation that he has failed and refused to permit the assignor to carry it out, is demurrable.
2. The doctrine of part performance can not be invoked to take a verbal contract out of the statute of frauds, where the action is for breach of the contract, and the remedy is purely legal— for damages in money.

HOSEA, J.

Demurrer to amended petition.

The petition alleges that the defendant, Rogers, verbally contracted with the Cincinnati Street Railway Company to furnish them coal for a period of five years from about July 26, 1896; that Rogers assigned his right to the Kineon

Coal Company in consideration of five cents per ton, payable upon the coal furnished; that the Kineon Coal Company did furnish the coal required, for the first year, and paid Rogers his tonnage; but that thereafter Rogers *"failed and refused to permit"* the Kineon Coal Company to deliver coal *"although during all of said years said Rogers had said contract for coal";* and that *"by reason of the failure of said Rogers to carry out said contract on his part"* the Kineon Coal Company was damaged in the sum of $75,000; and said company has assigned its rights to plaintiff. By amendment it appears that the assignment of Rogers to plaintiff was verbal; and the demurrer is taken to the amended petition for insufficiency of facts, based on the statute of frauds.

The inconsistent and contradictory statements of the petition render its meaning somewhat uncertain. Taking its allegations literally, it is manifest that the "assignment" of the contract divested Rogers of all interest in or control over it; and consequently his "permission" was not necessary to enable the Kineon Coal Company to fulfill the contract to which it was a party by substitution by virtue of the assignment. The "failure" or "refusal" of Rogers to "permit" the Kineon Company to fulfill its contract with the other party involves a *non sequitur* and can not form a predicate for action.

But, again, if it is meant—as seems a probable inference—that Rogers, not being a coal dealer, placed an independent contract with the Kineon Coal Company to furnish him the coal required to enable him to carry out his contract with the street railway company, and that this is the contract sued upon, and was verbal, then the action is barred by the statute of frauds.

The statute in this regard—Revised Statutes, Section 4199, re-enacting the ancient English statute, in substance—provides that no action shall be brought upon any agreement not to be performed within one year from the making thereof, unless said contract is in writing, etc.

The amended petition recognizes the force of the statute

and alleges the deliveries of coal during the first year as a part performance.

But the doctrine of part performance as a ground for taking a case out of the statute is a purely equitable one, confined to suits of an equitable nature where specific performance of contract is the remedy sought, and where, under the circumstances shown in the cause, it would be a fraud upon the plaintiff for the defendant not to perform on his part. The act of part performance, with the knowledge and for the benefit of the defendant, being such as to work hardship upon a plaintiff who shows good faith, are laid hold of in a forum whose jurisdiction is *in personam,* as a basis for enforcing the plaintiff's equitable right through the medium of estoppel against the defendant, who is not permitted to claim the benefit of the statute.

But it is manifest that this doctrine can have no application in an action at law, such as the present one, where there is neither occasion nor opportunity for its exercise. The very essence and foundation of equity procedure is the inadequacy of the legal remedy; whereas the present action is a purely legal one—for breach of contract; and the remedy sought is purely legal—for damages in money.

These principles are familiar and elementary; and will be found fully set forth and established in Story's Equity, par. 761; *Watson* v. *Erb,* 33 O. St., 35; *Kling, Admr.,* v. *Bordner,* 65 O. St., 86 (103), and many others.

Upon either aspect of the petition the demurrer must be sustained and it is so ordered.

.Demurrer sustained.

*Louis A. Ireton* and *W. M. Schoenle,* for demurrer.
*Horstman & Horstman,* contra.